UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
K-BEECH, INC.,

                              Plaintiff,                        MEMORANDUM
                                                                     OPINION AND ORDER
        -against-

                                                                       CV 11-3331 (JTB) (ETB)

DOES 1-29,

                              Defendants.
----------------------------------------------------------------X

      Before the Court are plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and its Emergency Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. For the reasons that follow, plaintiff's motions are DENIED.

      This is copyright infringement action in which the plaintiff has sued a number of anonymous alleged infringers for downloading a film called "Virgins 4" using a peer-to-peer file-sharing protocol called BitTorrent. (See Complaint at 2-3). The work is not yet registered with the Copyright Office. Rather, plaintiff asserts that "[o]n or about April 22, 2011, Plaintiff submitted an application for Copyright Registration . . . for the motion picture." (Id. at 2).

      Plaintiff has identified the defendants only through their Internet Protocol ("IP") addresses. Plaintiff now asks the Court for (1) an order pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 34(c) requiring Internet Service Providers ("ISP") Optimum Online, RCN Corporation, Road Runner, and Verizon Internet Services to preserve data and (2) leave to serve third-party subpoenas prior to a Federal Rule of Civil Procedure 26(f) ("Rule 26(f)") conference to those ISPs.

      Federal Rule of Civil Procedure 26(d)(1) allows a court to issue an order permitting a party to seek discovery prior to the Rule 26(f) conference. See Fed. R. Civ. Proc. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when

authorized . . . by court order."). In this Circuit, courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). While plaintiff's application satisfies the second through fifth factors, it has not met the first because it has not pleaded a prima facie claim of copyright infringement. Because the Complaint does not plead a meritorious copyright infringement claim, it does not make sense to allow plaintiff the discovery it seeks.

To state a claim for copyright infringement, a plaintiff must claim (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, — U.S. —, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (citing 17 U.S.C.A. § 411(a)). While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim.[1] See id. at 1247; see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp, 606 F.3d 612, 615 (9th Cir. 2010) ("[P]ost-Reed Elsevier, registration is an element of an infringement claim, rather than a jurisdictional bar."). Although the Second Circuit has not addressed this specific question, courts in both the Eastern District of New York

---

[1] The Supreme Court has left open the question of whether district courts should sua sponte dismiss infringement actions when the subject work is not registered. See Reed Elsevier, 130 S. Ct. at 1249 ("We . . . decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works.")

2

and the Southern District of New York have held that submission of an application for copyright registration does not satisfy the registration precondition of § 411(a).  See, e.g., Lewinson v. Henry Holt & Co., 629 F. Supp. 2d 547, 553, 559 (S.D.N.Y. 2009) (holding that a work for which a registration application had been sent was not registered within the meaning of § 411(a)); Corbis Corp. v. UGO Networks, Inc. 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004) (holding that a work is not registered within the meaning of § 411(a) unless and until "the Copyright Office has either approved or refused the pending application for registration" and collecting cases); Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (dismissing "claims for copyright infringement based upon pending registration applications"); Silver v. Lavandeira, No. 08 Civ. 6522, 2009 WL 513031, at *5 (S.D.N.Y. Feb. 26, 2009) (noting that, although a few courts in the Second Circuit have held that a pending application for registration satisfies § 411(a), "the emerging consensus among courts in this district is that the mere filing of applications and payment of the associated fees is insufficient, as a matter of law, to meet the statutory requirement that a copyright be registered prior to the initiation of an infringement action").[2]

Because plaintiff has alleged only that the registration for the allegedly infringed film is pending,

---

[2] Prior to Reed Elsevier, the Second Circuit had held that failure to register a work was a defect that deprived the federal courts of jurisdiction over an infringement action.  See, e.g., In re Literary Works in Electronic Databases Copyright Litig., 509 F.3d 116, 121 (2d Cir. 2007) rev'd sub nom. Reed Elsevier, 130 S. Ct. at 1247.  Thus, the cited cases dismiss for lack of subject-matter jurisdiction causes of action regarding unregistered works.  Although Reed Elsevier overruled these cases to the extent that they held that jurisdiction was lacking, it did not affect the holdings that a work with a pending application is not a registered work within the meaning of Section 411(a).

It should also be noted that there is a circuit-split on this issue.  Compare La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1202-04 (10th Cir. 2005), abrogated on another ground by Reed Elsevier, 131 S. Ct. at 1247, and M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990), abrogated on another ground by Reed Elsevier, 131 S. Ct. at 1247 (holding that a work is not registered until its application is approved) with Cosmetic Ideas, 606 F.3d at 621, and Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003), and Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) (holding that receipt by the Copyright Office of a complete application satisfies Section 411(a)).

it has not properly pled all of the elements of a copyright infringement cause of action. Because plaintiff has not made a concrete showing of a prima facie claim of copyright infringement, it has not established good cause to allow discovery prior to the Rule 26(f) conference. Therefore, the Court denies plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and its Emergency Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. This denial is without prejudice to renewal should the pleading deficiency be corrected.

**SO ORDERED:**

Dated: Central Islip, New York
September 19, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge

4